47 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Branko SINDICICH, Plaintiff-Appellant,
v.
"M HIGHWAY" Defendant-Appellee.
 No. 93-56323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1995.
Feb. 21, 1995.
 
 Appeal from the United States District Court for the Central District of California; No. 90-01032-JSL, J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 REVERSED AND REMANDED.
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Branko Sindicich appeals the district court's order granting Marble Highway's motion for judgment as a matter of law. We reverse and remand to the district court.
 
 DISCUSSION
 
 3
 A post-trial motion for judgment as a matter of law can be granted only on grounds advanced in a preverdict motion. See Murphy v. City of Long Beach, 914 F.2d 183, 186 (9th Cir.1990); Fed.R.Civ.P. 50 advisory committee's note (1991). Review of Marble Highway's preverdict motion shows that it attacked the sufficiency of the evidence Sindicich had presented concerning all of the vessel's duties to the stevedores, as outlined by the Supreme Court in Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). We have no trouble determining that it adequately "specif[ied] the judgment sought and the law and the facts on which the moving party is entitled to the judgment." Fed.R.Civ.P. 50(a)(2).
 
 
 4
 The question at the heart of this appeal is whether sufficient evidence supported a jury verdict that Marble Highway violated any of the duties outlined in Scindia. See also Bjaranson v. Botelho Shipping Corp., Manila, 873 F.2d 1204, 1207 (9th Cir.1989) (listing and explaining Scindia duties). The trial court instructed the jury on all of the Scindia duties. In response to one of the interrogatories posed to them, "Was the defendant negligent in any manner?," the jury members responded "yes." Thus, the district court's judgment can be upheld only if the evidence, construed in the light most favorable to Sindicich, cannot support a reasonable conclusion that Marble Highway breached even one of the Scindia duties. See Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994). Here there was sufficient evidence to support a conclusion by the jury that Marble Highway breached the duty to intervene and a duty imposed by custom to post temporary markings of some kind at potentially hazardous areas of the ship.
 
 1. Duty to Intervene
 
 5
 A vessel has a duty to intervene if (1) the vessel is aware of the condition; (2) the vessel should realize that the condition presents an unreasonable risk of harm to the longshoremen; and (3) the vessel knows that the stevedore, as the result of an "obviously improvident" judgment, has failed to remedy the situation. Bjaranson, 873 F.2d at 1207 (interpreting Scindia ). We have also imposed yet another requirement, that the vessel "must have helped create the hazard." Torres v. Johnson Lines, 932 F.2d 748, 750-51 (9th Cir.1991) (citing Bandeen v. United Carriers (Panama), Inc., 712 F.2d 1336 (9th Cir.1983)). When a vessel voluntarily undertakes an inspection of any stevedoring operation, it may subject itself to the duty to intervene by helping to "create the hazard." See Bueno v. United States, 687 F.2d 318, 320 (9th Cir.1982); see also Bandeen, 712 F.2d at 1340 (stating that in Bueno, the vessel helped to create the hazard by voluntarily undertaking a duty of inspection).
 
 
 6
 Here, the vessel, through its chief mate, obviously knew that level 9, where Sindicich was injured, was lower than some of the other levels, that the lower height posed a danger to shuttle vans, and that vans were being used. The jury could also have found that van drivers were apt to drive into any area that was not marked off--that's why marking off forbidden areas was a common practice.
 
 
 7
 The chief mate testified that as part of his safety inspections during the stevedoring operation he walked up the ramp where Sindicich was injured and did not see any tape or other warnings or blocking devices that had been placed in front of it by the stevedore. The jury could reasonably (even easily) have found that the stevedore's inaction was obviously improvident and that the vessel should have recognized that. Thus, given the evidence, the jury could reasonably have found that the prerequisites for liability for failing to intervene were shown.
 
 2. Custom
 
 8
 Scindia recognized that statutes, regulations, custom, or contractual provisions may impose duties of due care upon a vessel. See 451 U.S. at 172, 176, 101 S.Ct. at 1624, 1626. Rule 283 of the Pacific Maritime Association, which falls in the section of the rule book labeled "Duties of Vessels of All Types," states: "Prior to the start of roll-on/roll-off cargo handling operations, a responsible representative of the employer shall be advised by the vessel of any hazardous routes or areas that could be mistaken for normal drive-on/drive-off routes. Hazardous routes or areas shall be marked off." Although the last sentence of the rule is written in the passive tense and thus is not explicit about whose duty it is to mark off hazardous routes, it is found in the section on vessel duties. Moreover, there was testimony that it was the vessel that customarily would have roped or coned off the area where the accident happened. Although it is true that the jury found that no custom existed that required Marble Highway to place permanent markings at the ramp, it made no explicit finding as to temporary markings, such as cones. Moreover, it is clear that the ramp could be mistaken by a van driver as a normal route and that it was hazardous to van drivers. Thus, there was sufficient evidence to support a finding that Marble Highway breached a duty imposed by the custom, codified in PMA Rule 283, to place temporary warnings on the ramp.
 
 REVERSED and REMANDED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Federal Rule of Civil Procedure 50(c) requires that when a trial court grants a renewed motion for judgment as a matter of law, it must also rule on any alternative motion for a new trial. The trial court failed to do so. Thus upon remand the district court must rule on the pending new trial motion. See Vollrath, 9 F.3d at 1458-59